GARY HARRE, ESQ. (BAR NO. 86938)
Global Capital Law, PC
17111 Beach Blvd, Ste 100
Huntington Beach, CA 92647
Telephone: (714) 907-4182
Email: ghcmecf@gmail.com

Attorney for Debtors/Plaintiffs
THUAN X. NGUYEN & TAMMY H. NGUYEN

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THUAN X. NGUYEN &<br>TAMMY H. NGUYEN<br><br>Debtors. | **Case No. 8:10-bk-21730-RK**<br>**A.P. No.: 8:10-ap-01503-RK** |
| Thuan X. Nguyen, an Individual; and<br>Tammy H. Nguyen, an Individual.<br><br>Plaintiffs,<br><br>-vs.-<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et.al.<br><br>Defendant. | **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGEMENT AGAINST (1) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (2) CHAMAGNE WILLIAMS; and (3) DEUTSCHE BANK NATIONAL TRUST COMPANY.**<br><br>**DATE: JANUARY 11, 2011**<br>**TIME: 3:30 P.M.**<br>**LOCATION: 411 w. 4TH St.**<br>**Courtroom 5D, 5th floor**<br>**Santa Ana, CA** |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

Pursuant to Fed.R.Civ.P 12(c) and 56, made applicable to Bankrutpcy cases by Federal Rule of Bankruptcy Procedure, Rule 7012 and 7056

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

respectively, Plaintiffs THUAN X. NGUYEN and TAMMY H. NGUYEN (hereinafter "NGUYEN") through their undersigned counsel, respectfully moves for Motion for Judgment on the Pleadings or for Summary Judgment against Defendants (1) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS"), (2) CHAMAGNE WILLIAMS (hereinafter "WILLIAMS"); and (3) DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter "DEUTSCHE").

This motion is based upon this notice of motion, the attached notice of hearing, memorandum of points and authorities, as well as the pleadings and papers on filed herewith, and upon such other oral and document evidence as may be presented at the hearing of this matter.

Plaintiff requests that they be granted with judgment on the pleadings or summary judgment because no material issue of fact remains to be resolved and the movants are entitled to judgment as a matter of law.

DATED: 11/27/2010

Respectfully Submitted;

GARY HARRE, ESQ.
Attorney for Debtors

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

**MEMORANDUM OF POINT AND AUTHORITY**

**I. BACKGROUND**

Plaintiffs are individuals, and debtors of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 23, 2010 ("the Bankruptcy Case"). The case is pending for conversion to Chapter 11 of the Bankruptcy Code.

Debtors executed a promissory note payable to PHH Home Loans, LLC dba First Capital. The security interest is in the form of Deed of Trust and it named PHH Home Loans, LLC dba First Capital as the beneficiary of the Deed of Trust. Nothing in the record shows the current owner of the promissory note or its chain of title.

A number of documents were filed in the Orange County Recorder's Office relating to the Deed of Trust. No documents were filed relating to the promissory note, which Debtors have not seen since it was executed. Of the various documents filed in the recorder's office, including the Deed of Trust, one purportedly assigned to MERS as nominee for Indymac Bank, F.S.B. a Federally Chartered Saving Bank (Movant's Exhibit 3). [RJN **Exhibit 1**].

On or about September 21, 2010, Deutsche through its counsel BARRET DAFFIN FRAPPIER TREDER & WEISS LLP ("Barret"), who is known as part of NDEx West LLC, a foreclosure mills, filed a Motion for Relief from Automatic Stay under 11 U.S.C. §362. Deutsch attached as Exhibit to prove its standing to foreclose. These Exhibits included (a) Deed of Trust as recorded with Orange County Recorder, instrument number 2006000043242 (Exhibit 1), (b) Promissory Note dated 01/13/2006 containing no indorsement (Exhibit 2), (c) Assignment of Deed of Trust executed by Belen P. Buluran, Correspondent Funding Specialist, and recorded with Orange County Recorder as instrument number

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

2006000087088 on 02/07/2006 purportedly assigned to MERS, "a nominee for Indymac Bank, F.S.B., a federally chartered saving bank, (d) Assignment of Deed of Trust from MERS to Deutsche Bank National Trust Company executed by Chamagne Williams, assistant Vice President of MERS, and recorded with Orange County Recorder as Instrument number 2009000683486 (these assignments were attached as Exhibit 3). A true and correct copy of Exhibit 1 through 3 attached to Deutsche's Motion for Relief from Automatic Stay is attached to RJN as **Exhibit 2.**

The Assignment of Deed of Trust fraudulently executed by Chamagne William, Assistant Vice President of MERS purportedly assigned the interest of the promissory note and its security to Deutsche as "***trustee of the residential asset securitization trust 2006-A1, mortgage pass-through certificates, series 2006-A under Pooling and Servicing Agreement Dated February 1, 2006***"*.* According to a Prospectus dated February 27, 2006, filed by Indymac MBS, Inc., Depositor, with the Securities and Exchange Commission, see www.sec.gov. Indymac, F.S.B. service the loans originated.

The pooling and servicing agreement ("PSA") expressly provided that in connection with the transfer of each loan, the depositor (Indymac MBS) was to deliver to trustee (Deutsche) "**the ORIGINAL mortgage note, endorsed by manual or facsimile signature in blank in the following form: "Pay to the order of _____ without recourse," with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note.**" PSA § 2.01(c)(i). A true and correct copy of PSA § 2.01(c)(i) is attached herewith as **Exhibit 3**.

On 12/21/2009, MERS as nominee for Indymac Bank, F.S.B., a servicer of this subject loan, assigned the Plaintiffs' mortgage to Deutsche. The assignment

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

purported to assign a "certain Deed of Trust dated 01/13/2006 … Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." *See* Exhibit 2.

This motion for relief from automatic stay was heard before Hon. Robert Kwan on 10/19/2010. The Court having read the pleading and exhibit denied Deutsche's motion and determined that Deutsche's lacked evidence of standing to enforce the rights under the promissory note dated 01/13/2006 and its security instrument in form of deed of trust recorded with Orange County Recorder on 01/19/2006 as instrument number 2006000043242. A true and correct copy of Judge Kwan's ruling is attached to RJN as **Exhibit 3.** Most significantly for purposes of this motion, the note in question was never indorsed in blank or delivered to Deutsche, as required by the PSA.

## II. ARGUMENTS

### a. A MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT IS JUSTIFIED WHERE ANSWER FAILS TO STATE DEFENSES AND NO GENUINE ISSUES OF MATERIAL FACT EXIST.

Rule 12(c) of the Federal Rules of Civil Procedure establishes that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." ***Faibisch v. Univ. of Minn***., 304 F.3d 797, 803 (8th Cir. 2002) (citing ***United States v. Any & All Radio Station Transmission Equip.***, 207 F.3d 458, 462 (8th Cir. 2000)). When presented with a motion for judgment

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

on the pleadings, a district court must "'accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.'" ***Ashley County, Ark. v. Pfizer, Inc.***, 552 F.3d 659, 665 (8th Cir. 2009) (quoting ***Wishnatsky v. Rovner***, 433 F.3d 608, 610 (8th Cir. 2006)). The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ***Ashley County***, Ark., 552 F.3d at 665. "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" ***Porous Media Corp. v. Pall Corp.***, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting ***Missouri ex rel. Nixon v. Coeur D'Alene Tribe***, 164 F.3d 1102, 1107 (8th Cir. 1999); ***Piper Jaffray Companies, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.***, 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. See William W. Schwarzer, et al., Federal Civil Procedure Before Trial § 9:319 (2003). In fact, the same standard applies to both. See ***Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.***, 896 F.2d 1542, 1550 (9th Cir.1989) (stating standard for motion for judgment on the pleadings); ***Balistreri v. Pacifica Police Dept***., 901 F.2d 696, 699 (9th Cir.1988) (stating standard for motion to dismiss). The only differences between the two motions are (1) the timing (a motion for judgment on the pleadings is usually brought after

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed), ***Jones v. Greninger***, 188 F.3d 322, 324 (5th Cir.1999), and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by any party). ***In re Villegas***, 132 B.R. 742, 744-45 (9th Cir. BAP 1991).

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. ***Davison v. City of Minneapolis***, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. The moving party bears the ultimate burden of proof to establish that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. ***Carrington v. City of Des Moines, Iowa***, 481 F.3d 1046, 1050-51 (8th Cir. 2007). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**b. NO GENUINE ISSUES OF MATERIAL FACT THAT DEUTSCHE'S CLAIM MUST BE DISALLOWED UNDER CALIFORNIA COMMERCIAL CODE AND IMPROPER INDORSEMENT.**

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

Under California law, the enforcement of a promissory note that is secured by a mortgage is governed by the California Uniform Commercial Code ("California UCC"). The note, at issue here, made payable to PHH Home Loans, LLC, providing for interest and an unconditional promise to pay the lender, is a "negotiable instrument" under the California UCC, which defines a negotiable instrument as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time." ***California Commercial Code*** § 3104. A party is entitled to enforce a negotiable instrument if it is "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418." ***California Commercial Code*** § 3301. In this case evidence from public record clearly indicated that Deutsche may not enforce the instrument.

**Holder:** A "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession." ***California Commercial Code*** § 1201(21)(A). "Mere ownership or possession of a note is insufficient to qualify an individual as a 'holder'." ***Adams v. Madison Realty & Dev. Inc***., 853 F.2d 163, 166 (3d Cir. 1988). Where, as here, the ownership of an instrument is transferred, the transferee's attainment of the status of "holder" depends on the negotiation of the instrument to the transferee.

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

***California Commercial Code*** § 3201(a). The two elements required for negotiation, both of which are missing here, are the transfer of possession of the instrument to the transferee, and its indorsement by the holder. ***California Commercial Code*** § 3201(b).

What Plaintiffs do know from Deutsche' Motion for Relief from Automatic Stay is that the note was purchased by the Deutsche as Trustee, but never came into the physical possession of the Bank. Because the Deutsche never had possession of the note, it cannot qualify as a "holder" under the California Commercial Code.

The second element required to negotiate an instrument to the transferee, i.e., indorsement of the instrument by the holder, is also missing here. An indorsement means "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of negotiating the instrument, restricting payment of the instrument, or incurring indorser's liability on the instrument." ***California Commercial Code*** § 3204. The indorsement may be on the instrument itself, or it may be on "a paper affixed to the instrument." Id. Such a paper is called an "allonge", defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See Black's Law Dictionary at 88 (9th Ed. 2009).

The significance of indorsement and affixation requirements to achieve holder status, and thereby qualify to enforce a note against the maker, was explained by the Third Circuit in ***Adams v. Madison Realty & Dev. Inc.***, supra. The court explained that the maker of the note must have certainty regarding the party who is entitled to enforce the note.

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

> From the maker's standpoint, therefore, it becomes essential to establish that the person who demands payment of a negotiable note, or to whom payment is made, is the duly qualified holder. Otherwise, the obligor is exposed to the risk of double payment, or at least to the expense of litigation incurred to prevent duplicative satisfaction of the instrument. These risks provide makers with a recognizable interest in demanding proof of the chain of title. Consequently, plaintiffs here, as makers of the notes, may properly press defendant to establish its holder status.

853 F.2d at 168.

Throughout the litigation in this case, Deutsche had neither a proper indorsement on the note itself, nor an allonge that was executed as produced in its exhibits. Therefore, Deutsche does not qualify as a holder, because it never came into possession of the note.

**c. NO GENUINE ISSUES OF MATERIAL FACT THAT TRANSFER OF PLAINTIFFS' MORTGAGE ON 12/7/2009 TO DEUTSCHE IS VOID AND UNENFORCEABLE.**

Defendant Deutsche is a New York Corporate Trust formed to act as a "REMIC" trust pursuant to the IRS Tax Code. The plaintiff trust is formed and by its terms subject to New York law regarding its rights, duties, powers and obligations. The Trust was formed by the execution of a trust agreement referred to in the finance and securitization industry as a "Pooling and Servicing Agreement" or "PSA". The trust agreement is filed of record with the Securities and Exchange Commission.

Undisputedly by its own description, this trust was created on or about February 1, 2006. The Trust by its terms set a "cut-off date" of February 1, 2006. Pursuant to the terms of the Trust and the applicable IRS Regulations this date was also the "Start-up date" for the trust under the IRS tax code. The Start-up date is significant because the IRS tax code

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

ties the limitations upon which a REMIC trust may be funded with its assets to this date.

As stated, this Trust is formed and governed by New York law according to section 10.03 of the Trust agreement. Under New York law, the extent of a trust's authority is determined by common law. It is undisputed that the powers of a trust are limited by the trust agreement[1]. New York courts for over seventy years have adhered to the general principles of the Second Restatement[2]. When constructing a trust agreement the purpose "is to ascertain the intention of the testor or settlor. . . When possible, intention should be determined from the four corners of the instrument and the surrounding circumstances not in dispute."[3] "No words used by the testator should be cast aside as meaningless, but the effect must be given, if possible, to every word and provision."[4]

In the context of mortgage securitization trusts the trust agreements (pooling and servicing agreements) expressly limit the trustees' authority to adherence with the provisions of the I.R.S. Code defining REMIC's. Mortgage securitization trusts are not authorized to operate in violation of the I.R.S. Code. An analogous case is ***In re Olney's Estate*** where a trustee was liable for operating outside his specifically limited authority.[5]

[1] ***AG Capital Funding Partners v. State Street Bank***, 2008 N.Y. Lexis 1815 (N.Y. 2008) (Indenture Trusts); ***In re Application of IBJ Schroder Bank & Trust Co***., 706 N.Y.S.2d 114, 115 (N.Y.A.D. 2000); Restatement (Third) of Trusts § 85 (2007).

[2] ***In re Application of IBJ Schroder Bank & Trust Co.***, 706 N.Y.S.2d 114, 115 (N.Y.A.D. 2000); ***Donnelly v. Bank of New York Co***., 801 F.Supp. 1247, 1256-1257 (.S.D. N.Y. 1992); ***Matter of Sackler***, 149 Misc.2d 734, 738 (N.Y. Sur. 1990); ***In re Neill's Estate***, 89 N.Y.S.2d 394, 399 (N.Y.Sur. 1949); ***In re Leeds' Will***, 276 N.Y.S. 950, 232 (N.Y. Sur. 1935); ***In re Wolanski's Estate***, 283 N.Y.S. 797, 800 (N.Y.Sur. 1935); ***In re Ebbets' Estate***, 267 N.Y.S. 268, 275 (N.Y. Sur. 1933).

[3] ***Matter of Sackler***, 149 Misc.2d 734, 738 (N.Y. Sur. 1990).

[4] ***In Re Olney's Estate***, 20 N.Y.S.2d 884, 892 (N.Y. Sur. 1940); see also ***Estate of McKenna***, 451 N.Y.S.2d 617, 620 (N.Y.Sur. 1982).

[5] ***In Re Olney's Estate***, 20 N.Y.S.2d 884 (N.Y. Sur. 1940).

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

Under New York statutory law, any action undertaken by a trust that is not within the authorized powers of a trust is void. "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."[6]

In this case, the attempted assignment of this mortgage to Deutsche was made on December 7, 2009, as admitted by Deutsche in its answer. Such transfer is clearly void under the terms of the PSA dated February 1, 2006 and is therefore unenforceable. Section 2.01 of the PSA is the only mechanism by which assets of this trust may be delivered into the trust and who may make such conveyance. MERS was not mentioned anywhere in the PSA as an entity that can convey this mortgage into the trust. Further, no provision within the PSA provides for the acquisition of assets in violation of the IRS Codes and its REMIC provisions, the assignment of this mortgage to Deutsche more than 3 years after the last possible conveyance date of asset into the trust is void under New York law and is therefore a nullity under California law.

**d. NO GENUINE ISSUES OF MATERIAL FACT THAT TRANSFER OF PLAINTIFFS' MORTGAGE ON 12/7/2009 TO DEUTSCHE WITHOUT NOTIFICATION TO PLAINTIFFS VIOLATED TILA.**

Defendant Deutsche admitted that "a formal assignment of the Deed of Trust to Deutsche Bank was executed on or about December 7, 2009." Deutsche's Answer, ¶70, Page 11. Deutsche never notified Plaintiffs of the transfer of the note. "The Helping Families Save Their Homes Act of 2009" was enacted into law in May 2009 and is effective against Deutsche.

[6] McKinney's Consolidated Law of New York Annotated, Estates Powers and Trusts Laws § 7-2.4 (2002); see ***Allison & Ver Valen Co. v. McNee***, 9 N.Y.S.2d 708 (N.Y. Sur. 1939).

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

Therefore, no genuine issue of material fact that violation of TILA has occurred, which subjects Deutsche to statutory damages and attorney fees.

**e. NO GENUINE ISSUES OF MATERIAL FACT UNDER DOCTRINE OF RES JUDICATA AND JUDICIAL ESTOPPEL THAT DEUTSCHE HAS NO STANDING OR PARTY IN INTEREST IN THE NOTE AND DEED OF TRUST SECURING THE SUBJECT PROPERTY.**

The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." ***Warth v. Seldin***, 422 U.S. 490, 498 (1975). Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under the Constitution's Article III. Id. at 498-99; ***Pershing Park Villas***, 219 F.3d at 899; ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 559-60 (1992).

Additionally, the prudential doctrine of standing "is comprised of both judicially-created limitations, such as the prohibition on third-party standing . . . and statutorily-imposed limitations, such as the [Fed. Rule Civ. P.] Rule 17(a) requirement" that suits be maintained by the real party in interest. ***Gilmartin v. City of Tucson***, 2006 WL 5917165 *4 (D. Ariz. 2006), citing ***Lee v. Deloitte & Touche LLP***, 428 F.Supp.2d 825, 831 (N.D. Ill. 2006). Deutsche's standing is adjudicated in relief from stay hearings. Although relief from stay hearings are limited in scope but party seeking stay relief must establish standing and be party in interest.

Deutsche produced evidence to support its standing that inadequate to establish it held any interest in the Note and Deed of Trust securing the subject property. Among evidences produced by Deutsche was promissory

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

note payable to PHH Home Loans, LLC dba First Capital; NOT deutsche. Furthermore, the deed of trust securing the note was assigned to Deutsche by MERS, who was a nominee for Indymac Bank, FSB; a now bankrupted bank.

In summary, Deutsche is not a holder of the promissory from its own evidence and the chain of assignment of deed of trust is clearly defective that resulting in separation of the note and deed of trust. Consequentially, Deutsche has no standing to enforce the note or deed of trust which operates to cloud Plaintiffs' title.

**III. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that Court grant this Motion for Judgment on the Pleadings or summary judgment and enter judgment against Defendants as followed:

a. The deed of trust recorded with Orange County Recorder as instrument number 2006000043242 is null and void.

b. The amount of the lien secured by Deutsche through assignment of deed of trust recorded with Orange County Recorder as instrument number 2009000683486 is zero.

c. For attorney fees and costs of suit incurred herein.

d. Statutory damages in the amount of $4,000.00 against Deutsche.

e. All adverse claims against property known as 3394 Carmel Drive, Costa Mesa, CA 92626 are quieted. The legal description of said property is: LOT 62 TRACT 6639, IN THE CITY OF COSTA MESA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 287, PAGE(S) 15 AND 17, INCLUSIVE OF

MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. Assessor's Parcel No.: 412-103-03.

f. For attorney fees and costs of suit incurred herein to be paid by Defendant Deutsche.

DATED: 11/27/2010

Respectfully Submitted;

Gary Harre
Attorney for Plaintiffs

GLOBAL CAPITAL LAW, PC
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM