DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
              jdelcastillo@allenmatkins.com

Attorneys for Defendants
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; CHAMAGNE WILLIAMS; and
DEUTSCHE BANK NATIONAL TRUST
COMPANY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THUAN X. NGUYEN; TAMMY H. NGUYEN,<br><br>       Debtors. | Case No. 8:10-bk-21730-RK<br><br>Chapter 7 |
| THUAN X. NGUYEN; TAMMY H. NGUYEN,<br><br>       Plaintiffs,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>       Defendants. | Adv. No. 8:10-ap-01503-RK<br><br>OPPOSITION OF DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHAMAGNE WILLIAMS; AND DEUTSCHE BANK NATIONAL TRUST COMPANY TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>Date:    January 11, 2011<br>Time:   3:30 p.m.<br>Ctrm:  5D<br>Judge:  Hon. Robert N. Kwan |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................1

II.  RELEVANT BACKGROUND..............................................................3

III.  APPLICABLE LEGAL STANDARDS .................................................5

    A.  Judgment On The Pleadings .........................................................5

    B.  Summary Judgment......................................................................6

IV.  ARGUMENT ........................................................................................7

    A.  Plaintiffs Lack Standing To Prosecute The Instant
       Adversary Proceeding, Rendering Their Motion Void, *Ab*
       *Initio* .........................................................................................7

    B.  Plaintiffs Are Not Entitled To Summary Judgment And
       Their Motion May Not Properly Be Characterized As A
       Motion For Summary Judgment ...................................................8

    C.  Plaintiffs' California Commercial Code Theory Is
       Inapplicable To The Instant Matter...............................................9

    D.  Plaintiffs' "Produce The Note" Theory Is Likewise
       Baseless ....................................................................................11

    E.  Plaintiffs Have No Basis For Challenging The Assignment
       Of The Deed Of Trust To Deutsche Bank ..........................................12

    F.  Plaintiffs' *Res Judicata* Theory Fails, As A Matter Of Law...............14

V.  CONCLUSION ...................................................................................16

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA

(i)

1
2
3

## Cases

Alford v. Wachovia Bank/World Savings Bank,
    2010 WL 415260 (S.D. Cal. January 26, 2010)............................................10

Anderson v. ACME Markets, Inc.,
    287 B.R. 624 (E.D. Pa. 2002).................................................................7

Barrientos v. 1801-1825 Morton LLC,
    583 F.3d 1197 (9th Cir. 2009)...............................................................15

Benham v. Aurora Loan Servs.,
    2010 WL 532685 (N.D. Cal. Feb. 9, 2010)................................................10

Cain v. Hyatt,
    101 B.R. 440 (E.D. Pa. 1989).................................................................7

Candelo v. NDEX West, LLC,
    2008 WL 5382259 (E.D. Cal. Dec. 23, 2008)............................................11

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ........................................................................6, 8

County Fuel Company, Inc. v. Equitable Bank Corp.,
    832 F.2d 290 (4th Cir. 1987).................................................................15

Estel v. Bigelow Mgmt., Inc.,
    323 B.R. 918 (E.D. Tex. 2005) ...............................................................7

Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.,
    485 N.E.2d 208 (1985) .........................................................................14

Gamboa v. Trustee Corps.,
    2009 WL 656285 (N.D. Cal. Mar. 12, 2009)............................................11

Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day
    Adventist Congregational Church,
    887 F.2d 228 (9th Cir. 1989).................................................................5

Gilbert Financial Corp. v. Steelform Contracting Co.,
    82 Cal.App.3d 65 (1998) .......................................................................13

Grella v. Salem Five Cent Sav. Bank,
    42 F.3d 26 (1st Cir. 1994) ....................................................................15

Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,
    896 F.2d 1542 (9th Cir. 1989).................................................................5

Harper v. Wausau Ins. Corp.,
    56 Cal.App.4th 1079 (1997)...................................................................13

In re Carson,

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA

(i)

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

82 B.R. 847 (Bankr. S.D. Ohio 1987) ................................................................. 7

In re Int'l Nutronics, Inc.,
28 F.3d 965 (9th Cir. 1994) ...................................................................... 15

In re Johnson,
756 F.2d 738 (9th Cir. 1985) .................................................................... 15

In re Wright,
2009 WL 3633811 (Bankr. D. N.M. Oct. 30, 2009) ................................. 7

Leavitt-Berner Tanning Corp. v. American Home Assurance Co.,
516 N.Y.S.2d 992 (1987) ......................................................................... 14

Lowe v. EBL&S Prop. Mgmt.,
2010 U.S. Dist. LEXIS 61720 (N.D. Cal. June 1, 2010) ........................... 6

Martinez v. Stanford,
323 F.3d 1178 (9th Cir. 2003) ................................................................... 7

McGlinchy v. Shell Chemical Co.,
845 F.2d 802 (9th Cir. 1988) ..................................................................... 5

Moeller v. Lien,
25 Cal.App.4th 822 (1994) ...................................................................... 10

Mueller v. Auker,
576 F.3d 979 (9th Cir. 2009) ..................................................................... 7

Murphy v. Allstate Ins. Co.,
17 Cal.3d 937 (1976) ............................................................................... 14

Otworth v. Southern Pac. Transp. Co.,
166 Cal.App.3d 452 (1985) ...................................................................... 13

Principal Mut. Life Ins. v. Vars, Pave, McCord & Freedman,
65 Cal.App.4th 1469 (1998) ..................................................................... 13

Putkkuri v. Recontrust Co.,
2009 WL 32567 (S.D. Cal. Jan. 5, 2009) ................................................. 11

Quintero Family Trust v. OneWest Bank, F.S.B.,
2010 WL 392312 (S.D. Cal. Jan. 27, 2010) ............................................. 10

Qwest Commc'ns Corp. v. City of Berkeley,
208 F.R.D. 288 (N.D. Cal. 2002) ......................................................... 5, 6

San Diego Home Solutions, Inc. v. Recontrust Co.,
2008 WL 5209972 (S.D. Cal. Dec. 10, 2008) .......................................... 11

Stramiello-Yednak v. Perl,
2006 WL 1158123 (W.D. Pa. Apr. 28, 2006) ............................................ 7

T.W. Electric Service, Inc. v. Pac. Elec. Contractors Ass'n,

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

       809 F.2d 626 (9th Cir. 1987) ................................................................. 6

Wyshak v. City Nat'l Bank,
       607 F.2d 824 (9th Cir. 1979) ................................................................. 6

**<u>Statutes</u>**

11 U.S.C. § 323(a) ......................................................................................... 7

11 U.S.C. § 323(b) ......................................................................................... 7

11 U.S.C. § 554 .............................................................................................. 7

11 U.S.C. § 554(c) ......................................................................................... 7

11 U.S.C. § 554(d) ......................................................................................... 7

22 N.Y. Jur. Contracts § 311 (2010) ......................................................... 14

Cal. Civ. Code § 1559 ................................................................................. 13

Cal. Civ. Code §§ 2924 – 2924i ........................................................... 10, 11

Cal. Comm. Code § 3301 ........................................................................ 9, 10

Cal. Comm. Code § 3302 *et seq.* ............................................................ 10

Cal. Comm. Code § 3304 ............................................................................ 10

**<u>Rules</u>**

Central District of California Local Bankruptcy Rule 7056-1 ............... 2, 9

Fed. R. Bankr. P. 7008 ................................................................................... 6

Fed. R. Bankr. P. 7012 ................................................................................... 5

Fed. R. Bankr. P. 7056 ............................................................................... 6, 8

Fed. R. Civ. P. 12(c) ...................................................................................... 5

Fed. R. Civ. P. 56(c) ................................................................................... 6, 8

Fed. R. Civ. P. 8(b)(1)(A) ............................................................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  **PLEASE TAKE NOTICE THAT** Defendants Mortgage Electronic

3  Registration Systems, Inc. ("MERS"), Chamagne Williams ("Williams"), and

4  Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, the "

5  Defendants") hereby oppose the Motion for Judgment on the Pleadings or [in the

6  alternative] for Summary Judgment (the "Motion") recently filed by Plaintiffs Thuan

7  X. Nguyen and Tammy H. Nguyen (collectively, "Plaintiffs"), on the grounds that,

8  as detailed further below:  (1) Plaintiffs lack standing to prosecute the above-

9  captioned adversary proceeding, and that the Motion is thus void, *ab initio*; (2) the

10 Motion is improperly styled as a Motion for Summary Judgment, given Plaintiffs'

11 failure to meet their burden of demonstrating that there remain no material issues as

12 to the Defendants' affirmative defenses and that Plaintiffs' failure to comply with the

13 procedural requirements for a Motion for Summary Judgment in this Court; and

14 (3) the legal theories upon which Plaintiffs' Motion relies each fail, as a matter of

15 law.

16 **I.     INTRODUCTION.**

17     As noted in the Defendants' Answer to Plaintiffs' Adversary Complaint,

18 Plaintiffs lack standing to prosecute the above-captioned adversary proceeding,

19 which was commenced after they filed their bankruptcy petition under Chapter 7 of

20 the Bankruptcy Code.  The law is well-established that a Chapter 7 Trustee has

21 exclusive authority over the assets of a bankruptcy estate, including over claims

22 asserted in litigation, and that Chapter 7 debtors therefore cannot personally

23 prosecute claims that are the exclusive property of their bankruptcy estates.

24 Plaintiffs' Motion, which is almost entirely devoid of references to MERS or

25 Williams and appears to be exclusively directed at Deutsche Bank, is thus void, *ab*

26 *initio*, and can be denied on that basis alone.

27     Moreover, the Motion cannot properly be styled as a Motion for Summary

28 Judgment.  As a preliminary matter, summary judgment cannot be granted where, as

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

(1)

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1    here, material issues remain as to the Defendants' many affirmative defenses.  In

2    addition, Plaintiffs' attempt to characterize the Motion as a Motion for Summary

3    Judgment is procedurally improper, given their failure to comply with the

4    requirements of USBC, Central District of California Local Bankruptcy Rule

5    ("LBR") 7056-1, which requires a movant to assemble, file, and serve a proposed

6    statement of uncontroverted facts and conclusions of law, and a separate proposed

7    summary judgment, in addition to a memorandum of points and authorities.  Here,

8    Plaintiffs have not met their procedural burden, and the Defendants must not be

9    forced to guess at what facts Plaintiffs believe are uncontroverted and which facts

10   are not, particularly given that, in their Answer, the Defendants denied the bulk of

11   Plaintiffs' allegations, and raised multiple affirmative defenses to each of Plaintiffs'

12   causes of action.

13   　　　Even if characterized as a Motion for Judgment on the Pleadings, Plaintiffs'

14   Motion must still fail.  As a preliminary matter and as a matter of law, a Motion for

15   Judgment on the Pleadings cannot be granted where legitimate affirmative defenses

16   to a plaintiff's claims are asserted in an Answer.  Moreover, a Motion for Judgment

17   on the Pleadings also fails where, as here, the legal theories upon which the Motion

18   is based are without merit.

19   　　　Plaintiffs' Motion is predicated upon four distinct legal theories, none of

20   which finds any support in the law.  Specifically, Plaintiffs maintain that: (1) the

21   California Commercial Code renders it impossible for Deutsche Bank to enforce its

22   remedies as a secured creditor; (2) Deutsche Bank, directly or through its agents,

23   must "produce the note" in order to foreclose upon Plaintiffs' real property; (3) the

24   assignment to Deutsche Bank of a deed of trust securing Plaintiffs' real property is

25   invalid because it was not accomplished pursuant to the terms of a contract to which

26   Plaintiffs are neither parties nor third party beneficiaries; and (4) this Court's denial

27   of Deutsche Bank's Motion for Relief from Stay, for lack of evidence of standing,

28   precludes Deutsche Bank from maintaining any claim in Plaintiffs' bankruptcy case

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-2-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  or from foreclosing on Plaintiffs' real property in the wake of Plaintiffs' mortgage

2  loan default.  As detailed below, each of these theories is meritless.

3      The Defendants therefore respectfully submit that Plaintiffs' Motion must be

4  denied.

5  **II.**    <u>**RELEVANT BACKGROUND.**</u>

6      Although Plaintiffs' Adversary Complaint and their Motion are replete with

7  numerous conclusory or irrelevant allegations, the facts relevant to Plaintiffs'

8  Motion are as follows:

9      &bull;  On or about January 13, 2006, Plaintiffs obtained a mortgage loan (the

10       "Loan") from PHH Home Loans, LLC in the principal amount of

11       $730,500.00.  (<u>See</u> Plaintiffs' Request for Judicial Notice, Ex. 1.)

12     &bull;  The Loan was secured by a deed of trust (the "Deed of Trust") on the

13       real property located at and commonly known as 3394 Carmel Drive,

14       Costa Mesa, California 92626 (the "Property").  (<u>See</u> Plaintiffs' Request

15       for Judicial Notice, Ex. 2.)

16     &bull;  After origination, the rights and interest in the Loan were transferred

17       from PHH Home Loans, LLC to IndyMac Bank, F.S.B. ("IndyMac"),

18       and the Deed of Trust was assigned from Equity Title Company to

19       MERS, as nominee for IndyMac.  (<u>See</u> Defendants' Request for Judicial

20       Notice filed concurrently herewith ["RJN"], Ex. A, B.)

21     &bull;  Plaintiffs defaulted on the Loan, and on or about November 13, 2009, a

22       Notice of Default was recorded reflecting the fact that the Property was

23       subject to foreclosure.  (<u>See</u> RJN, Ex. C.)

24     &bull;  On December 7, 2009, the Deed of Trust was assigned from MERS to

25       Deutsche Bank.  (<u>See</u> RJN, Ex. D.)

26     &bull;  In an apparent attempt to prevent Deutsche Bank from foreclosing on

27       the Property, Plaintiffs petitioned for bankruptcy under Chapter 7 of the

28       Bankruptcy Code on August 23, 2010, commencing the bankruptcy

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-3-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1    case styled <u>In re Thuan X. Nguyen; Tammy H. Nguyen</u>, USBC, Central

2    District of California Case No. 8:10-bk-21730-RK (the "Bankruptcy

3    Case.")  (<u>See</u> RJN, Ex. E.)

4    •    Thereafter, Deutsche Bank filed a Motion for Relief from Stay in the

5    Bankruptcy Case on September 21, 2010, in order to foreclose upon the

6    Property.  (<u>Id.</u>)

7    •    Plaintiffs commenced the above-captioned adversary proceeding on

8    October 25, 2010, asserting causes of action aimed at (1) invalidating

9    the Deed of Trust, prohibiting Deutsche Bank from foreclosing on the

10    Property or enforcing its rights as a secured creditor in the Bankruptcy

11    Case; and (2) recovering damages.  (<u>See</u> RJN, Ex. F.)

12    •    Deutsche Bank's Motion for Relief from Stay was denied on November

13    27.  The Court interlineated Plaintiffs' form of order, noting that

14    Deutsche Bank's Motion for Relief from Stay was denied *only* "FOR

15    LACK OF EVIDENCE OF standing to enforce its rights under the

16    Promissory Note [memorializing the Loan] and Deed of Trust."  (<u>See</u>

17    Plaintiffs' Request for Judicial Notice, Ex. 3.)

18    •    Defendants filed their Answer to Plaintiffs' Adversary Complaint on

19    November 24, 2010, denying the bulk of Plaintiffs' allegations and

20    asserting thirteen affirmative defenses, including Plaintiffs' failure to

21    state a claim and their lack of standing to prosecute this adversary

22    proceeding.   (<u>See</u> RJN, Ex. F.)

23    •    Plaintiffs filed their Motion on November 27, 2010.  (<u>Id.</u>)

24    Based on these facts, Plaintiffs argue that they are entitled to a Judgment on

25    the Pleadings (on their Adversary Complaint), or in the alternative, to Summary

26    Judgment.  None of these facts, nor any of Plaintiffs' legal theories, support the

27    requested relief, and the Defendants respectfully submit that Plaintiffs' Motion

28    should be denied.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA

-4-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

## III.   **APPLICABLE LEGAL STANDARDS.**

### A.   **Judgment On The Pleadings.**

A Motion for Judgment on the Pleadings brought pursuant to Fed. R. Civ. P. 12(c), made applicable to the instant adversary proceeding by Fed. R. Bankr. P. 7012, is proper only when there are "no issues of material fact, and the moving party is entitled to judgment as a matter of law." Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)).  Such a Motion may be brought by "a party," including a plaintiff, "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c); see also Qwest Commc'ns Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

Judgment on the pleadings is appropriate only where the moving party is entitled to judgment as a matter of law, even if all material facts in the pleading under attack are true. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  All allegations by the party *opposing* a Motion for Judgment on the Pleadings are accepted as true, and are construed in the light most favorable to the *opposing* party. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).[1]

It is well-established that a plaintiff is *not* entitled to a judgment on the pleadings where, as here, the Answer raises either issues of fact, or any affirmative defense which would defeat the plaintiff's recovery, if proved. Gen. Conference Corp. of Seventh-Day Adventists, 887 F.2d at 230.  "A motion seeking judgment on the complaint may only be granted if *all* of the defenses raised in the answer are legally insufficient." Qwest Commc'ns Corp., 208 F.R.D. at 291 (emphasis added).

---

[1]  In this and other respects, Plaintiffs' statement of the applicable legal standard in their Motion is not only misleading, but demonstrably incorrect.  Plaintiffs recite the legal standard that applies when a *defendant* moves for judgment on a plaintiff's *complaint*.  The more general rule, applicable here, requires the Court to make all reasonable inferences in *Defendants'* favor.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-5-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  Moreover, a defendant need only "state [its defenses] in short and plain terms" to

2  appropriately respond to a Complaint.  Fed. R. Bankr. P. 7008; Fed. R. Civ. P.

3  8(b)(1)(A); see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

4  Courts deny judgment to plaintiffs even in situations where affirmative defenses are

5  pled that are not applicable to some causes of action, and when future discovery

6  may reveal that others are not applicable at all.  Lowe v. EBL&S Prop. Mgmt., 2010

7  U.S. Dist. LEXIS 61720, *6 (N.D. Cal. June 1, 2010).

8       **B.       Summary Judgment.**

9       A Motion for Summary Judgment may only be granted when "the pleadings,

10 the discovery and disclosure materials on file, and any affidavits show that there is

11 no genuine issue as to *any* material fact[,] and that the movant is entitled to

12 judgment as a matter of law."  Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c)

13 (emphasis added).  "A 'material' fact is one that is relevant to an element of a claim

14 *or defense* and whose existence might affect the outcome of the suit.  The

15 materiality of a fact is thus determined by the substantive law governing the claim

16 *or defense*."[2]  T.W. Electric Service, Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

17 626, 630 (9th Cir. 1987) (emphasis added).

18      The party seeking summary judgment *always* bears the burdens of informing

19 the Court of the basis for its Motion and identifying those portions of the pleadings

20 and discovery responses that demonstrate the absence of a genuine issue of material

21 fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Whenever the moving

22 party will have the burden of proof on an issue at trial, the movant *must*

23 affirmatively demonstrate that no reasonable trier of fact could find other than for

24 the moving party.  Id.  This burden is so great that even where a non-moving party

25 *fails* to oppose a Motion for Summary Judgment, a court may not enter summary

26

27

28

[2]  Notably, the fact that "extrinsic material [is] submitted to a court does not automatically convert a [M]otion for [J]udgment on the [P]leadings into [a Motion for Summary Judgment]"  Qwest Commc'ns Corp., 208 F.R.D. at 291.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-6-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  judgment solely for that reason, but must review the sufficiency of the Motion under

2  the full legal standard.  See Martinez v. Stanford, 323 F.3d 1178, 1182-83 (9th Cir.

3  2003).  "[I]f a rational trier of fact might resolve [an] issue in favor of the

4  nonmoving party, *summary judgment must be denied*."  Mueller v. Auker, 576 F.3d

5  979, 994 (9th Cir. 2009) (quotation omitted) (emphasis added).

6  **IV.    ARGUMENT.**

7       **A.    Plaintiffs Lack Standing To Prosecute The Instant Adversary**

8            **Proceeding, Rendering Their Motion Void, *Ab Initio*.**

9       As Chapter 7 debtors, Plaintiffs lack standing to prosecute the above-

10  captioned adversary proceeding against the Defendants, rendering their Motion

11  void, *ab initio*.  The Bankruptcy Code provides that a Chapter 7 Trustee has

12  exclusive authority over the assets of an estate, *including over claims asserted in*

13  *litigation*.  See 11 U.S.C. §§ 323(a) and (b) ("The trustee … has capacity to sue and

14  be sued.").  Accordingly, once a Trustee is appointed, "[o]nly the trustee … has the

15  authority to prosecute and/or settle … causes of action."  Anderson v. ACME

16  Markets, Inc., 287 B.R. 624, 628 (E.D. Pa. 2002) (quoting Cain v. Hyatt, 101 B.R.

17  440, 442 (E.D. Pa. 1989)); see also Stramiello-Yednak v. Perl, 2006 WL 1158123,

18  *2 (W.D. Pa. Apr. 28, 2006); Estel v. Bigelow Mgmt., Inc., 323 B.R. 918, 924 (E.D.

19  Tex. 2005); In re Carson, 82 B.R. 847, 851 (Bankr. S.D. Ohio 1987).

20       Property of a bankruptcy estate remains property of the estate until otherwise

21  abandoned or administered by the Trustee.  See 11 U.S.C. § 554; In re Wright, 2009

22  WL 3633811, *3 (Bankr. D. N.M. Oct. 30, 2009).  "Unless the court orders

23  otherwise, property of the estate that is not abandoned … and that is not

24  administered in the case *remains property of the estate*."  In re Wright, 2009

25  3633811 at *3 (internal quotations omitted) (emphasis added); 11 U.S.C. §§ 554(c)

26  and (d).

27       Here, the causes of action alleged in Plaintiffs' Adversary Complaint are

28  indisputably the exclusive property of their bankruptcy estate, and may only be

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA                    -7-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  prosecuted by the Chapter 7 Trustee.[3]  Accordingly, Plaintiffs lack standing to

2  prosecute their Adversary Complaint, rendering their Motion, and any other efforts

3  to obtain a judgment or other relief in connection with this proceeding, void, *ab*

4  *initio*.  Defendants respectfully submit that Plaintiffs' Motion may be denied on this

5  basis alone.

6      **B.      Plaintiffs Are Not Entitled To Summary Judgment And Their**

7              **Motion May Not Properly Be Characterized As A Motion For**

8              **Summary Judgment.**

9          As detailed above, summary judgment may only be granted where "the

10  pleadings, the discovery and disclosure materials on file, and any affidavits show

11  that there is no genuine issue as to *any* material fact[,] and that the movant is entitled

12  to judgment as a matter of law."  Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c)

13  (emphasis added).  Where genuine material disputes persist, summary judgment

14  may not be granted.  Celotex Corp., 477 U.S. at 323.

15          Here, the Defendants have denied the overwhelming bulk of the allegations in

16  Plaintiffs' Adversary Complaint, and – more importantly – raised numerous

17  affirmative defenses.  Plaintiffs have not met their burden of establishing that there

18  remain no material issues of fact as to the affirmative defenses raised by the

19  Defendants.  Moreover, Plaintiffs' purely conclusory contention that they are

20  entitled to summary judgment[4] is wholly without merit, particularly given that, as

21  detailed below, none of the legal theories advanced by Plaintiffs are meritorious.

22  Plaintiffs' Motion must therefore fail, as a matter of law.

23

24

25  _____

    3   Even assuming, *arguendo*, that Plaintiffs had standing (and they do not) to
26  prosecute the causes of action alleged in the Adversary Complaint, each of their
    causes of action nonetheless fails on the merits, as will be detailed in Defendants'
27  forthcoming Motion for Judgment on the Pleadings.
    4   For instance, Plaintiffs maintain a right to summary judgment based on their
28  cause of action for an alleged violation of the Truth in Lending Act, a violation
    that the Defendants have denied in their Answer.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA                          -8-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1   Further, Plaintiffs' Motion cannot properly be characterized as a Motion for

2   Summary Judgment because Plaintiffs have not complied with LBR 7056-1, which

3   requires a movant to assemble, file, and serve a proposed statement of

4   uncontroverted facts and conclusions of law, and a separate proposed summary

5   judgment, in addition to a memorandum of points and authorities in connection with

6   any Motion for Summary Judgment.  Plaintiffs have not done so, and have therefore

7   failed to meet their procedural obligations.  The Defendants must not be forced to

8   *guess* at what allegations Plaintiffs contend are uncontroverted and which are not,

9   particularly given that, again, the Defendants denied the majority of Plaintiffs'

10  allegations and raised multiple affirmative defenses to each of Plaintiffs' causes of

11  action in their Answer.

12  The Defendants therefore respectfully submit that Plaintiffs' Motion should be

13  denied.

14  **C.      Plaintiffs' California Commercial Code Theory Is Inapplicable To**

15  **The Instant Matter.**

16  In their Motion, Plaintiffs contend that "[u]nder California law, the

17  enforcement of a promissory note that is secured by a mortgage is governed by the

18  California Uniform Commercial Code" because the Note memorializing the Loan

19  "is a 'negotiable instrument' under the California UCC" and that, pursuant to

20  "California Commercial Code § 3301 … Deutsche [Bank] may not enforce the

21  instrument" and foreclose upon the Property in the wake of Plaintiffs' default on the

22  Loan.  (See Motion 8:1-9:22.)  Plaintiffs' misleading contention misstates the law.

23  In fact, the California Commercial Code is *entirely inapplicable* to the instant

24  matter, and has nothing whatsoever to do with real property mortgage loans or the

25  enforcement of related security instruments.

26  Article 3 of the California Commercial Code – including, specifically, § 3301

27  – concerns *only* certain negotiable instruments, defined therein as instruments such

28  as checks and money orders, *not* mortgage loan security instruments.  See Cal.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

Comm. Code § 3304; see also Benham v. Aurora Loan Servs., 2010 WL 532685, *2

(N.D. Cal. Feb. 9, 2010) ("Plaintiff's allegations with respect to sections 1201(21),

3301, and 3309 of the California Commercial Code relate to Plaintiff's repeated

arguments that only an entity in possession of a promissory note ('a holder in due

course') has a right to enforce that promissory note … *This argument is legally*

*incorrect … [T]hese general statutes do not govern nonjudicial foreclosure sales*.")

(emphasis added); Quintero Family Trust v. OneWest Bank, F.S.B., 2010 WL

392312, *2 (S.D. Cal. Jan. 27, 2010) (Dismissing claim for wrongful foreclosure

based upon alleged violation of Cal. Comm. Code § 3301 and finding that "Section

3301 … is inapposite because it reflects California's adoption of the Uniform

Commercial Code and does not govern nonjudicial foreclosures."); see also Cal.

Civ. Code §§ 2924 – 2924i (Regulating foreclosure.).

The comprehensive statutory framework established in California to govern

nonjudicial foreclosures *does not* include the California Commercial Code, and is

intended to be *exhaustive*.  Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994).

Plaintiffs' contention in their Motion that the enforcement of a mortgage is governed

by the California Commercial Code is false, and clearly at odds with established

law.

Moreover, even assuming, *arguendo*, that Plaintiffs' legal theory had any

merit (and it does not), Article 3 of the California Commercial Code does not

provide for a private right of action.  See Alford v. Wachovia Bank/World Savings

Bank, 2010 WL 415260, *12 (S.D. Cal. January 26, 2010) (Dismissing complaint on

a motion to dismiss on the grounds that, among others, Cal. Comm. Code § 3302 *et*

*seq.* do not provide for a private right of action.).  Plaintiffs' reliance upon the

California Commercial Code is thus entirely misplaced, and the statute does not

provide them with grounds for prevailing on the Motion, which should be denied.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-10-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

**D.    Plaintiffs' "Produce The Note" Theory Is Likewise Baseless.**

As part of their California Commercial Code argument, Plaintiffs claim that "the note [memorializing the loan] was purchased by Deutsche [Bank] as Trustee, but never came into the physical possession of the Bank.  Because Deutsche [Bank] never had possession of the note, it cannot qualify as a 'holder' under the California Commercial Code."  (See Motion 9:5-10.)  As detailed above, the California Commercial Code is irrelevant to the instant matter.

Plaintiffs' argument regarding Deutsche Bank's allegedly not possessing the Note – and thus its purported inability to foreclose on the Property – is merely the latest variant of a "produce the note" theory raised in many suits by borrowers improperly seeking to delay or avoid foreclosure, and has been consistently rejected by the courts because "the statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process."  Gamboa v. Trustee Corps., 2009 WL 656285, *4 (N.D. Cal. Mar. 12, 2009); see also Putkkuri v. Recontrust Co., 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process … Production of the original note is not required to proceed with a non-judicial foreclosure."); Candelo v. NDEX West, LLC, 2008 WL 5382259, *4 (E.D. Cal. Dec. 23, 2008); San Diego Home Solutions, Inc. v. Recontrust Co., 2008 WL 5209972, *2 (S.D. Cal. Dec. 10, 2008).

All "produce the note" legal theories are effectively aimed at converting non-judicial foreclosures into judicial foreclosures.  Plaintiffs prosecuting causes of action predicated upon a "produce the note" theory hope to force a foreclosing party to "prove up" a right to foreclose, despite a well-established statutory scheme – Cal. Civ. Code § 2924, et seq. – requiring only that, as noted in the authority cited above, a foreclosing entity need only possess the beneficial interest in the relevant deed of trust in order to pursue a non-judicial foreclosure.  Here, Plaintiffs have conceded

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-11-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  that Deutsche Bank *was* assigned the Deed of Trust.[5]  Deutsche Bank is thus

2  unquestionably entitled to foreclose upon the Property, and need not "produce the

3  note" in order to establish its rights.

4      The law is clear, and Plaintiffs' "produce the note" theory and argument are

5  completely insufficient to void Deutsche Bank's rights as against the Property, and

6  cannot provide Plaintiffs with grounds for prevailing on the Motion, which should

7  be denied.

8      **E.      Plaintiffs Have No Basis For Challenging The Assignment Of The**

9      **Deed Of Trust To Deutsche Bank.**

10      Plaintiffs challenge the assignment of the Deed of Trust to Deutsche Bank,

11  claiming that it was not accomplished in accordance with the requirements of a

12  Pooling and Servicing Agreement (the "PSA")[6] between various IndyMac entities

13  and Deutsche Bank, and that the assignment is therefore "unenforceable[,]" "void

14  under New York law[,] and … a nullity under California law."  (See Motion 10:15-

15  11:3, 12:7-17.)   Like Plaintiffs' other arguments aimed at preventing Deutsche Bank

16  from enforcing its rights in the wake of Plaintiffs' default on the Loan, this argument

17  has no merit.

18      The basis of Plaintiffs' legal theory is that the assignment of the Deed of Trust

19  from MERS (IndyMac's nominee) is invalid because it was not accomplished during

20  the pendency of a purported "window" indentified in the PSA; that is, that Deutsche

21  Bank cannot enforce the Deed of Trust because the assignment was not carried out

22  in accordance with the terms allegedly agreed to in a contract between IndyMac and

23  Deutsche Bank.  Yet Plaintiffs are not – nor have they alleged that they are – parties

24

25  [5]   As detailed below, Plaintiffs' effort to challenge this on contractual grounds falls
    flat.  Plaintiffs are neither parties to nor third party beneficiaries of the agreement
26  upon which their claims are based, and – even if they were – the subject
    agreement provides no basis for challenging the assignment of the Deed of Trust.
27  [6]  Plaintiffs have attached only selected *excerpts* of a document they purport to be a
    PSA between IndyMac and Deutsche Bank as Exhibit 3 to their Request for
28  Judicial Notice in support of the Motion.  Plaintiffs have provided no basis for
    this exhibit's judicial noticeability.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA                                    -12-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  (or third party beneficiaries to) the PSA, or any other agreement between IndyMac

2  and Deutsche Bank.  They therefore have no basis for challenging the assignment of

3  the Deed of Trust to Deutsche Bank, whether it was accomplished in accordance

4  with the terms of the PSA or not.[7]

5      The rule is well-established:  Where a plaintiff is not a party to a contract, he

6  can *only* seek to enforce the terms of that contract where he is an *intended* third

7  party beneficiary.  Cal. Civ. Code § 1559 ("A contract, made expressly for the

8  benefit of a third person, may be enforced by him at any time before the parties

9  thereto rescind it."); see also Principal Mut. Life Ins. v. Vars, Pave, McCord &

10 Freedman, 65 Cal.App.4th 1469, 1485 (1998).  In the statute, the word "expressly"

11 "has now come to mean merely the negative of 'incidentally[.]'"  Gilbert Financial

12 Corp. v. Steelform Contracting Co., 82 Cal.App.3d 65, 70 (1998) (citations

13 omitted).  In other words, the contracting parties must have *intended* to benefit the

14 third party, an intent which *must* appear in the terms of the agreement.  Principal

15 Mutual Life Ins., 65 Cal.App.4th at 1486.  It is well settled "that Civil Code section

16 1559 excludes enforcement of a contract by persons who are only incidentally or

17 remotely benefited by [an] agreement."  Harper v. Wausau Ins. Corp., 56

18 Cal.App.4th 1079, 1087 (1997) (citations omitted).  "A third party should not be

19 permitted to enforce covenants made not for his benefit, but rather for others.  He is

20 not a contracting party; his right to performance is predicated on the contracting

21 parties' intent to benefit him … As to any provision made not for his benefit but for

22

23

24  _____

25  [7]  Notably, it is well-established that, for a plaintiff to prosecute a legal theory
    predicated upon the terms of a contract, the plaintiff is required to set forth the
    material terms of the contract or attach a copy of the entire written agreement to
26  his complaint.  Otworth v. Southern Pac. Transp. Co., 166 Cal.App.3d 452, 459
    (1985) ("If the action is based on an alleged breach of a written contract, the
27  terms must be set out verbatim in the body of the complaint or a copy of the
    written instrument must be attached and incorporated by reference.").  Plaintiffs
28  have not met this burden here, and their PSA-based legal theory is therefore
    procedurally improper.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA

-13-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1   the benefit of the contracting parties or for other third parties, he becomes an

2   intermeddler." <u>Murphy v. Allstate Ins. Co.</u>, 17 Cal.3d 937, 944 (1976).

3       Here, Plaintiffs are – at best – the very "intermeddlers" referenced by the

4   California Supreme Court in <u>Murphy</u>.  Nowhere in their Adversary Complaint (or

5   their Motion) have they alleged that they are parties or third party beneficiaries to

6   the PSA (and they are neither).  Plaintiffs are therefore barred from challenging the

7   assignment of the Deed of Trust to Deutsche Bank (and therefore Deutsche Bank's

8   right to enforce the instrument) on the grounds that it was not accomplished in

9   accordance with the terms of the PSA.  The law is clear[8], and Plaintiffs are not

10  entitled to avail themselves of the PSA in order void Deutsche Bank's rights as

11  against the Property, and the agreement does not provide Plaintiffs with grounds for

12  prevailing on the Motion, which should be denied.

13      **F.     Plaintiffs' *Res Judicata* Theory Fails, As A Matter Of Law.**

14      The final legal theory upon which Plaintiffs' Motion is predicated is that

15  "Deutsche Bank's standing [as a creditor and with respect to its right to foreclose on

16  the Property] [wa]s adjudicated in [the] relief from stay hearing[]" at which the

17  Court denied Deutsche Bank's Motion for Relief from Stay, for lack of evidence of

18  standing.  (<u>See</u> Motion: 13:21-24.)  In other words, Plaintiffs argue that the denial of

19  Deutsche Bank's Motion for Relief from Stay has a preclusive effect with respect to

20

21

22  _____

23  [8]  The analysis is the same under New York law.  As with California law, New
    York law allows for third party beneficiaries to enforce a contract, but it "follows
    the rule that the contract *must have been intended for the benefit of the third*

24  *person*...." 22 N.Y. Jur. Contracts § 311 (2010) (emphasis added); <u>see also</u>
    <u>Leavitt-Berner Tanning Corp. v. American Home Assurance Co.</u>, 516 N.Y.S.2d

25  992, 995 (1987).  Any party who claims the status of a third party beneficiary has
    the burden of demonstrating such a contractual intent. <u>Id.</u>  Incidental

26  beneficiaries do not have any rights. <u>Fourth Ocean Putnam Corp. v. Interstate</u>
    <u>Wrecking Co., Inc.</u>, 485 N.E.2d 208, 211-12 (1985) (citation omitted).  This,

27  either under California or New York law, Plaintiffs cannot avail themselves of
    select terms of the PSA in order to void Deutsche Bank's interest in the Deed of

28  Trust and its right to foreclose on the Property in the wake of Plaintiffs' default
    on the Loan.  Accordingly, their Motion must fail.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA                                    -14-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1  its standing as a secured creditor in the Bankruptcy Case, and its right to foreclose

2  on the Property.  Plaintiffs are again mistaken.

3       The doctrine of *res judicata* bars a party from bringing a claim if a court of

4  competent jurisdiction has rendered a *final judgment on the merits of the claim* in a

5  previous action involving the same parties.  In re Int'l Nutronics, Inc., 28 F.3d 965,

6  969 (9th Cir. 1994).  Despite Plaintiffs' contention, the denial of a motion for relief

7  from stay is *not* a final judgment on the merits of a claim.  See In re Johnson, 756

8  F.2d 738, 740 (9th Cir. 1985) ("Stay litigation is limited … The validity of the claim

9  or contract … underlying the [bankruptcy] claim is *not litigated* during the hearing

10  [on a motion for relief from stay].") (emphasis added); Barrientos v. 1801-1825

11  Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (Same.); Grella v. Salem Five

12  Cent Sav. Bank, 42 F.3d 26, 32 (1st Cir. 1994) ("[T]he hearing on a motion for relief

13  from stay is meant to be a summary proceeding … [t]he limited grounds set forth in

14  the statutory language … combined with the preliminary, summary nature of the

15  relief from stay proceedings, have led most courts to find that *such hearings do not*

16  *involve a full adjudication on the merits of claims…*") (emphasis added); County

17  Fuel Company, Inc. v. Equitable Bank Corp., 832 F.2d 290, 293 (4th Cir. 1987) (For

18  the purposes of a relief from stay hearing, "*the merits of claims are not in issue…*")

19  (emphasis added).

20       The law is clear:  In denying Deutsche Bank's Motion for Relief from Stay,

21  the only issue that the Court decided was whether Deutsche Bank had – *at that time*

22  – provided sufficient evidence of standing to bring its motion, as reflected in the

23  Court's own interlineation into Plaintiffs' form of order.  Specifically, the Motion for

24  Relief from Stay was denied "FOR LACK OF EVIDENCE OF standing to enforce

25  its rights under the Promissory Note and Deed of Trust," not for lack of standing, as

26  Plaintiffs suggest.

27       There has therefore been no final judgment on the merits of Deutsche Bank's

28  claim as a creditor in Plaintiffs' Bankruptcy Case, nor on its right to enforce the

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

879532.01/LA

-15-

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS, etc.

1    Deed of Trust and foreclose upon the Property.  Consequently, Plaintiffs may not

2    rely on *res judicata* or any related preclusion doctrine to argue that they are entitled

3    to a judgment on the pleadings (or summary judgment) because Deutsche Bank's

4    rights relevant to this action and Plaintiffs' Bankruptcy Case have already been

5    adjudicated.  There has been no such adjudication, and Plaintiffs' Motion must fail.

6    **V.       CONCLUSION.**

7          For the foregoing reasons, Defendants respectfully request that this Court

8    deny Plaintiffs' Motion.

9

10   Dated:  December 17, 2010                ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
11                                           DAVID R. ZARO
                                             JOSHUA A. DEL CASTILLO
12

13                                           By:      /s/     Joshua A. del Castillo
                                                 _____
14                                               JOSHUA A. DEL CASTILLO
                                                 Attorneys for Defendants
15                                               MORTGAGE ELECTRONIC
                                                 REGISTRATION SYSTEMS, INC.;
16                                               CHAMAGNE WILLIAMS; and
                                                 DEUTSCHE BANK NATIONAL
17                                               TRUST COMPANY

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

879532.01/LA                        -16-

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3309.


A true and correct copy of the foregoing document described as ***OPPOSITION OF DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHAMAGNE WILLIAMS; and DEUTSCHE BANK NATIONAL TRUST COMPANY TO PLAINTFFS' MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _December 17, 2010_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Thomas H. Casey (TR)**          msalustro@tomcaseylaw.com, tcasey@ecf.epiqsystems.com
- **Marisol A. Nagata**          cdcaecf@bdfgroup.com
- **U.S. Trustee (SA)**          ustpregion16.sa.ecf@usdoj.gov
- **Joshual del Castillo**          jdelcastillo@allenmatkins.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On _Deember 17, 2010_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _**December 17, 2010,**_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Robert Kwan, U.S. District Court Judge
United States Bankruptcy Court, Central District of California
411 W. Fourth Street, Suite 5165 – Ctrm. 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Martha Diaz                                              /s/ *Martha Diaz*
_____          _____
Date          Type Name                                              Signature

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS,
etc.

**II.  <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**  (method of service for each person/entity served):

**<u>Attorneys for Plaintiff/Debtors</u>**                                                    **Via U.S. MAIL**
Gary L. Harre, Esq.
Global Capital Law, P.C.
17111 Beach Boulevard, Suite 100
Huntington Beach, CA  92647